**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Peter John RIOS, Defendant—
Appellant.**

**No. 06–10606.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 2007.

Filed Nov. 27, 2007.

Jeffrey J. Strand, Esq., U.S. Dept. of Justice Office of the U.S. Attorney, Hagatna, GU, for Plaintiff–Appellee.

John T. Gorman, Office of the Federal Public Defender, Mongmong, GU, for Defendant–Appellant.

Before: O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM *

The facts and procedural history of this case are known to the parties, and we do not repeat them here.

Appellant Peter John Rios challenges the district court's denial of his motion to suppress evidence obtained during a search of his residence. Rios first argues that the evidence should be suppressed because the parole officers' authority to conduct the search was based on Condition 11(h) of the Certificate of Parole, and that Condition 11(h) was invalid under Guam Code, title 9, § 80.62 because it was imposed by the Parole Board rather than by a court. We reject this argument. Guam Code, title 9, § 80.80 authorized the Parole Board to impose its own conditions of parole, and, in reliance thereon, Condition 11(h), authorized the search.

Rios next argues that the evidence should be suppressed under the Fourth Amendment because the search was not supported by reasonable suspicion. We also reject this argument. Reasonable suspicion was not necessary because Guam law and Condition 11(h) of the Certificate of Parole permitted suspicionless searches of Rios's residence. *See Samson v. California,* 547 U.S. 843, 126 S.Ct. 2193, 2199, 165 L.Ed.2d 250 (2006) (holding that reasonable suspicion is not required where state law authorizes suspicionless searches).

Rios also appeals the four-level enhancement of his sentence under section 2K2.1(b)(6) of the United States Sentencing Guidelines. He contends that the district court erred by finding the factual predicates to the enhancement under a preponderance-of-evidence standard, rather than a clear-and-convincing-evidence standard, because the enhancement had the disproportionate effect of increasing the recommended range of his prison term from 70–87 to 100–125 months.

We hold that the district court appropriately applied the preponderance-of-evidence standard. The enhancement did not have a disproportionate effect on the sentence under the six-factor test enunciated in *United States v. Jordan,* 256 F.3d 922, 928 (9th Cir.2001). Under the first factor in *Jordan,* the maximum possible sentence was 10 years, so Rios's sentence of 100 months was within the statutory limit. *See* 18 U.S.C. § 924(a)(2). Rios does not contend that the enhancement was inappropriate based on *Jordan* factors two, three or four. The enhancement only affected a four-level increase, moving the Offense Level from 21 to 25, thereby addressing the fifth *Jordan* factor. Under the final *Jordan* factor, the enhancement did not "more than double" the sentence because it only increased the applicable Guideline range from 70–87 to 100–125 months. The district court sentenced on the low end of the recommended prison term.

AFFIRMED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.